UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WALTER CASTRO                                                    CIVIL ACTION

VERSUS                                                           NO. 13-4701

RAIN CII CARBON LLC                                              SECTION: "C" (3)

ORDER AND REASONS

Before the Court is plaintiff's motion to vacate judgment. Rec. Doc. 13.  The motion is opposed. Rec. Doc. 15.  Having considered the memoranda of counsel, the record and the applicable law, the Court finds that vacating the judgment is appropriate for the following reasons.

I. BACKGROUND

Plaintiff Castro brought this case against defendant Rain CII alleging that he was illegally discharged from his employment with Rain CII Carbon LLC ("Rain CII") because he made internal complaints to the management of the company regarding OSHA safety and fire violations and CAA violations that Rain CII was making. Rec. Doc. 1-1 at 2-3.  At the time of the incident, plaintiff was serving as Rain CII's Environmental Safety and Health Coordinator. *Id.* at 2.  This case was properly removed from the 24th Judicial District Court for the Parish of Jefferson to this Court under 28 U.S.C. § 1441(b).  The case was dismissed

for failure to prosecute after plaintiff's attorney failed to appear at an order to show cause hearing on July 17, 2013. Rec. Doc. 11.

## II. LAW AND ANALYSIS

It is well settled that a federal district court has inherent authority to dismiss a plaintiff's action for failure to prosecute in order to prevent undue delays in the disposition of pending cases. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962). A 60(b) motion must be equitably and liberally applied to achieve substantial justice. *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. 1981). A technical error should not deprive plaintiff of an opportunity to present the true merits of his claims. *Amberg v. Federal Deposit Ins. Corp.*, 934 F.2d 681, 686 (citing *Blois v. Friday*, 612 F.2d 938, 940 (5th Cir. 1980)). Nevertheless, the grant or denial of a motion to vacate judgment under rule 60(b) is within the sound discretion of the district court, and will only be reversed upon a showing of abuse of this discretion. *Blois*, 612 F.2d at 940.

Plaintiff moves to vacate the judgment under Rule 60(b) of the Federal Rules of Civil Procedure. Rec. Doc. 13 at 2. Rule 60(b) provides that one ground for relief from judgment is "mistake, inadvertence, surprise, or excusable neglect." Plaintiff's attorney claims that the judgment should be vacated based on excusable neglect. He claims that he is to blame for the delay and that he was unfamiliar with the federal court system to which this case had been removed. Rec. Doc. 13 at 2. He also claims that he was overwhelmed by another case involving this same plaintiff and defendant. *Id.* Counsel argues that defendant will not be prejudiced by the vacating of this judgment. *Id.* Furthermore, plaintiff is a sole practitioner

2

and was operating without his secretary or assistant on the date in question. *Id.* at 3.

Defendant argues that the motion should not be granted because plaintiff received three notices to appear for the show cause hearing, and still failed to appear. Rec. Doc. 15 at 4. Defendant also claims that plaintiff shall not be denied his day in Court because of the "companion action" to this case. *Id.* at 6. Defendant objects to plaintiff waiting more than a month to file this motion to vacate. *Id.* at 3.

The Court finds that in the interest of substantial justice, plaintiff's motion to vacate the judgment shall be granted because plaintiff has establish excusable neglect. Plaintiff showed special circumstances and filed this motion not later than 32 days after the judgment. The case should be decided based on its merits. Plaintiff shall not be permitted to miss any further deadlines and any future dismissal on procedural grounds shall not be vacated.

### III. CONCLUSION

For the reasons stated above,

IT IS ORDERED that Plaintiff's motion to vacate judgment is **GRANTED**. Rec. Doc. 13.

New Orleans, Louisiana this 12th day of September, 2013.

                                                HELEN G. BERRIGAN
                                                UNITED STATES DISTRICT JUDGE